UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 1:05-CR-38 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| GERRY MILTON DAVIS | ) | |

# MEMORANDUM AND ORDER

Before the Court is a motion for change of venue (Court File No. 18) filed by Defendant Gerry Milton Davis ("Defendant") pursuant to Federal Rule of Criminal Procedure 21. Defendant argues, in keeping with *Ritchie v. Rogers*, 313 F.3d 948 (6th Cir. 2002), it would be impossible to obtain a fair trial in Chattanooga, Tennessee, due to pervasive media coverage of this case. He requests this Court move the trial to another jurisdiction or, in the alternative, allow the selection of jurors from outside the Southern Division of the Eastern District of Tennessee. For the following reasons, the Court hereby **DENIES** Defendant's motion for change of venue.

Rule 21(a) states, "Upon the defendant's motion, the court must transfer the proceeding against that defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." Change of venue may be appropriate upon a showing of actual or presumed prejudice. *Ritchie*, 313 F.3d at 952. Transfer is proper as a result of actual prejudice when the extent of the media coverage and the voir dire testimony demonstrate it would be "impossible" for the defendant to get a fair trial. *Id.* (internal citations omitted). Transfer under presumed prejudice, on the other hand, is only appropriate where the original venue is "inherently prejudicial." *Id.* (internal citations

omitted). The media coverage surrounding the trial must create "such a presumption of prejudice in a community that the jurors' claims that they can be impartial should not be believed." *Patton v. Yount*, 467 U.S. 1025, 1031, 104 S. Ct. 2885, 2889 (1984). Here, Defendant is requesting the Court transfer his trial before voir dire has even commenced; therefore, change of venue could only be granted upon Defendant's showing of presumed prejudice.

Every defendant has the right to a trial before "a panel of impartial, indifferent jurors." *Murphy v. Florida*, 421 U.S. 794, 799, 95 S. Ct. 2031, 2036 (1975) (internal quotation and citation omitted). However, this requirement does not demand all jurors be totally ignorant of the circumstances surrounding a defendant's charge. *Id.* at 799-800, 95 S. Ct. at 2036. It is only necessary that the jurors be capable of setting aside whatever preconceived ideas they may have regarding the defendant. *Id.* at 800, 95 S. Ct. at 2036 (internal citation omitted).

The United States Supreme Court has been reluctant to reverse a defendant's conviction due to extensive media coverage, overturning convictions only in cases that involve "a trial atmosphere that had been utterly corrupted by press coverage." *Id.* at 799, 95 S. Ct. at 2035; *see also, e.g., Sheppard v. Maxwell*, 384 U.S. 333, 352-53, 358, 86 S. Ct. 1507, 1517, 1520 (1966) (unsequestered jury exposed to massive amounts of media coverage and trial conducted in a "carnival atmosphere"); *Estes v. Texas*, 381 U.S. 532, 550-51, 85 S. Ct. 1628, 1636-37 (1965) (entire trial televised and courtroom crowded with media equipment); *Irvin v. Dowd*, 366 U.S. 717, 728, 81 S. Ct. 1639, 1645 (1961) (defendant tried in atmosphere shaken by "so huge a wave of public passion" that two-thirds of jurors were already convinced of defendant's guilt before trial began). Furthermore, these cases usually involve lengthy records of the media coverage involved as evidence of the pervasiveness of the press. *See, e.g., Sheppard*, 384 U.S. at 344, 86 S. Ct. at 1513 (describing the "massive" media

coverage involved); *Ritchie*, 313 F.3d at 950 (describing the publicity on the case as "massive" and noting the local newspaper considered the story "the Number 1 news story for that calendar year," although the trial court's denial of the change of venue was upheld).

Defendant here has not been exposed to the same extent of media coverage as in the above cases. Defendant himself acknowledges in his brief the publicity has not even been "daily and continuous" (Court File No. 19). Though Defendant claims his case has received extensive coverage "in the newspaper, on the internet, and on television," he has included no exhibits in the record to support this contention (*Id.* at 1). As far as the record goes, there is no evidence, save Defendant's own assertions in his brief, Defendant has been the subject of any media coverage. Certainly, Defendant cannot suggest the Court transfer the proceedings or select jurors outside the district simply because residents of Chattanooga may be aware of these and other charges pending against him. *See Dobbert v. Florida*, 432 U.S. 282, 303, 97 S.Ct. 2290, 2303 (1977).[1] Defendant has thus failed to meet his burden of demonstrating that Chattanooga would be an "inherently prejudicial" setting for his trial. *See Ritchie*, 313 F.3d at 952.

Accordingly, Defendant's motion for change of venue (Court File No. 18) is hereby **DENIED**. Likewise, Defendant's request to select jurors from outside the district also is **DENIED**.

**SO ORDERED.**

**ENTER:**

                                                    **/s/**
                              **CURTIS L. COLLIER**
                      **UNITED STATES DISTRICT JUDGE**

---

[1] "Petitioner in this case has simply shown that the community was made well aware of the charges against him and asks us on that basis to presume unfairness of constitutional magnitude at his trial. This we will not do . . ."