UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:05-CR-38 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| | ) | |
| GERRY MILTON DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Before the Court is a Motion for New Trial (Court File No. 43) filed on June 29, 2005 by Defendant Gerry M. Davis personally. This motion is filed as a *pro se* motion although it is typed and properly formatted according to the rules and practice of this court. Defendant was convicted by a jury in this matter on June 22, 2005. Since March 3, 2005 Defendant has been represented by retained attorney Leonard M. Caputo (*see* Court File No. 4).

In his motion, Defendant requests a new trial based on six stated reasons: (1) Defendant received ineffective assistance of counsel because no witnesses were called in his defense and he was not allowed to testify; (2) defense counsel did not spend sufficient time with Defendant to prepare a defense and did not contact any of Defendant's witnesses; (3) defense counsel suppressed an exculpatory audio cassette tape between Defendant and Government witness Joseph R. Cooke; (4) the evidence introduced at trial was insufficient to convict because it did not demonstrate extortion; (5) defense counsel and the prosecuting attorney were personal friends and this constituted a conflict of interest which, if known, would have persuaded Defendant to not retain defense

counsel; and (6) the Court erred in denying Defendant's motion for a change of venue.

The last sentence of Defendant's motion indicated he wishes to find another attorney to represent him. This sentence states: "I request that I be given adequate time to find another Attorney to represent me on this motion and any future court proceedings."

The Court need only address the last request in Defendant's motion. Defendant has retained counsel and so long as he has retained counsel, the Court will not entertain any motions filed by Defendant personally. A criminal defendant cannot both proceed *pro se* and have retained counsel. *See* E.D.TN. LR 83.4(c). Once a defendant has counsel, that counsel speaks for the defendant in all proceedings, absent some unusual circumstance. Accordingly, Defendant's motion for a new trial is **DENIED WITHOUT PREJUDICE** to refiling of the same by Defendant's appointed representative.

However, the last sentence of the motion is of a different nature. As the Court reads that sentence, Defendant is dissatisfied with the representation of defense counsel and would like to terminate defense counsel's service. Once an attorney makes an appearance on behalf of a criminal defendant the attorney cannot withdraw without approval of the Court. Assuming Defendant desires to takes such action, the Court **ORDERS** United States Magistrate Judge William B. Carter address this issue.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**