UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 1:05-CR-38 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| ) | |
| GERRY MILTON DAVIS ) | |

## **MEMORANDUM**

Before the Court is Defendant Gerry Milton Davis' ("Defendant") Amended Motion for New Trial and Motion to Construe Same as a Motion for Judgment of Acquittal (Court File No. 56). For the following reasons, the Court will **DENY** this motion.

Defendant was charged in the indictment with three counts of extortion in violation of 18 U.S.C. § 1951, the "Hobbs Act," on or about July 20, 2003, August 6, 2003, and October 4, 2003 (Court File No. 10). Following a plea of "not guilty," Defendant proceeded to trial before a jury of his peers commencing on June 20, 2005. The trial covered three days and at the close of the Government's proof, Defendant moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. The Court denied the motion and on June 22, 2005, the jury found Defendant guilty on all three counts (Court File Nos. 38, 39).

Shortly after the trial in this matter, on June 29, 2005, Defendant filed a *pro se* Motion for New Trial (Court File No. 43), which the Court chose not to consider since it was filed by Defendant *pro se* while he was represented by counsel. Because a criminal defendant cannot both proceed *pro se* and have retained counsel, and once a defendant is represented by counsel, that counsel generally

speaks for the defendant in all proceedings, the Court denied this motion without prejudice to the refiling of such a motion by Defendant's counsel (Court File No. 45). Defendant's counsel filed a motion to withdraw, which the magistrate judge granted in a hearing on July 18, 2005, and Defendant retained replacement counsel on August 17, 2005. Defendant's current counsel filed the present motion on September 30, 2005. Because Defendant's *pro se* motion was filed within the time period set out in Fed. R. Crim. P. 29(c)(1) and 33(b)(2), and the Court denied that motion without prejudice to a refiling by counsel, the Court will consider the present motion timely filed in accordance with Rules 29 and 33.

### A. Motion for Judgment of Acquittal Under Rule 29

In reviewing a challenge to the sufficiency of the evidence under Rule 29, the Court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979) (emphasis in original). Defendant alleges there was insufficient evidence to establish the bribes of $100 on each of the three occasions had a "substantial effect" on commerce, which Defendant argues is the proper legal standard here, rather than the "*de minimis* effect" standard the Court applied (Court File No. 56 at 1-5).

While Defendant's legal arguments for using a "substantial effect" standard rather than a "*de minimis* effect," based on a line of recent Supreme Court cases, are interesting, they also are contrary to the governing law this Court must follow. The Court is bound by the precedent of the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit"), which has explicitly held, subsequent to the Supreme Court decisions upon which Defendant relies, the proper standard in a case under

2

the Hobbs Act is a *de minimis* effect on commerce. *See United States v. Harding*, 563 F.2d 299, 302 (6th Cir. 1977) ("This Court agrees with the *de minimus* [sic] rule applied by the other Circuits. The Act itself suggests that no more than a minimal effect on interstate commerce need be shown, and the case law is entirely consistent with that language."); *accord. United States v. Ostrander*, 411 F.3d 684, 691 (6th Cir. June 10, 2005) (proper standard is *de minimis* effect unless Hobbs Act victim was individual rather than business, in which case substantial effect must be shown). The Supreme Court has not yet specifically ruled on this issue. Until the Sixth Circuit changes the rule or the Supreme Court makes a ruling contrary to it, the Court is bound to apply the *de minimis* standard the Sixth Circuit adopted in *Harding* to this case, since the extortion was aimed at a business establishment, the Chattanooga Food and Drink nightclub.

Using this proper standard, the Court finds the evidence was sufficient to allow a rational trier of fact to find the interstate commerce element of the crime was proven beyond a reasonable doubt. Defendant's prior counsel made similar arguments regarding the sufficiency of the evidence on the interstate commerce element during his arguments on the previous motion for judgment of acquittal during the trial in this matter (*see* Court File No. 52, Transcript of Second Day of Jury Trial ("2nd Day Trial Trans."), pp. 302-309). The Court at the conclusion of these arguments found a rational juror could find beyond a reasonable doubt the three transactions involving $100 each delayed, interrupted, or had at least a *de minimis* effect on interstate commerce because the "establishment [whose funds were used to pay the bribes] customarily purchased food items and alcoholic beverages from outside the state of Tennessee. The money that went to the defendant could have been used to make these purchases. Therefore the extortion [of] money from [the] business funds affected his business potential as a buyer of such goods" (*Id*. at 313-14).

3

Defendant in his renewed motion argues the proof was insufficient to satisfy a "substantial effect" test (Court File No. 56 at 4-5). The Court need not decide whether the evidence would have been sufficient to satisfy such a test, as that is not the proper standard. The Court will evaluate the evidence using the *de minimis* standard that is the governing law in this circuit. As to the sufficiency of the evidence on this element, Defendant in his brief argues,

> There was no proof that the bar's funds were ever depleted; that it ever ran out of liquor because of the funds given to Defendant Davis; or even that it would have bought one ounce more liquor if it had not given funds to Defendant Davis. There was certainly no proof that the bar would have received more customers from out of state if Mr. Cooke had not given Defendant Davis several hundred dollars."

(*id* at 4).

An actual effect on interstate commerce is not necessary to meet this element; the Government must merely show "a realistic probability that [an offense] will have an effect on interstate commerce." *United States v. Min Nan Wang*, 222 F.3d 234, 237 (6th Cir. 2000) (*quoting United States v. Peete*, 919 F.2d 1168, 1174 (6th Cir. 1990)). Further, in a similar case, the Sixth Circuit held the interstate commerce element was met where members of a sheriff's department extorted payments from establishments that sold alcoholic beverages because the alcoholic beverages the establishments sold "originated, for the most part, from without the State of Tennessee." *United States v. Richardson*, 596 F.2d 157, 160 (6th Cir. 1979). The court noted language from a relevant Seventh Circuit case:

> Where the victim of extortion, as here, customarily obtains inventory which has come from outside the state, obstruction and delay of, and effect upon commerce may, for the purpose of the Hobbs Act, be found in curtailment of the victim's potential as a buyer of such goods. This may be traced either through the depletion of his assets by his fulfillment of the extortionate demands or the harm which would follow if the threats were carried out.

*Id.* at 161, n. 6 (*quoting United States v. DeMet*, 486 F.2d 816, 822 (7th Cir. 1973), *cert. denied*, 416

4

U.S. 969, 94 S. Ct. 1991, 40 L. Ed. 2d 558 (1974)).  Following the *Richardson* court's rationale, the Court confirms its earlier holding the evidence was sufficient to allow a rational trier of fact to find the Government proved the interstate commerce element of the crime beyond a reasonable doubt.

Because Defendant has not shown the evidence was insufficient to support a guilty verdict, the Court will **DENY** Defendant's renewed motion for judgment of acquittal (Court File No. 56).

**B.** **Motion for New Trial Under Rule 33**

Defendant alternatively seeks a new trial based on the Court's instruction to the jury a *de minimis* effect on commerce is sufficient to meet the interstate commerce element of the crimes with which Defendant was charged (*see* Court File No. 53, Transcript of Third Day of Jury Trial ("3rd Day Trial Trans."), p. 382), rather than a substantial effect, which Defendant believes is the proper standard (Court File No. 56 at 5-6).

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).  The decision to order a new trial is committed to a court's sound discretion, which is subject to review for abuse.  *United States v. Talley*, 164 F.3d 989, 1002 (6th Cir. 1999); *United States v. Davis,* 15 F.3d 526, 531 (6th Cir. 1994); *United States v. Chambers*, 944 F.2d 1253, 1263 (6th Cir. 1991).  In deciding whether a new trial is warranted, a court should primarily concern itself with whether the prior proceedings were fair for the accused.  *See Davis*, 15 F.3d at 531-32.  Motions for new trials are not favored and should only be granted with great caution and in extraordinary circumstances.  *United States v. Garner*, 529 F.2d 962, 969 (6th Cir. 1976); *United States v. Hoffa*, 382 F.2d 856, 862 (6th Cir. 1967).  A defendant bears the burden of proving a new trial should be granted.  *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991).

5

The Court first would note Defendant's prior counsel was presented with a draft of the charge to the jury, and during a discussion of that draft charge, offered no objection to the *de minimis* instruction (3rd Day Trial Trans. at 320-328). Under the Federal Rules of Criminal Procedure, "A party who objects to any portion of the instructions or to a failure to give a requested instruction must inform the court of the specific objection and the grounds for the objection before the jury retires to deliberate . . ." Fed. R. Crim. P. 30(d). Therefore, the Court finds Defendant waived any objection to the propriety of the charge since he did not object to it during the charge conference. *See United States v. Houston*, 205 F. Supp. 2d 856, 871 (W.D. Tenn. 2002). More importantly, because, as analyzed *supra*, the Court properly instructed the jury in accordance with the binding precedent of this circuit, there was no error in this instruction to the jury, and no new trial is warranted on this ground.

Accordingly, the Court finds no basis for vacating the jury's verdict and ordering a new trial and will **DENY** Defendant's alternative motion for a new trial (Court File No. 56).

An Order shall enter.

/s/
**CURTIS L. COLLIER, CHIEF**
**UNITED STATES DISTRICT JUDGE**

6

Case 1:05-cr-00038   Document 64   Filed 11/04/05   Page 6 of 6   PageID #: 14